UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

WILLIAM F. O'MALLEY,

            Plaintiff,

-against-

**MEMORANDUM & ORDER**
Case No. 06-CV-5249 (FB)

MICHAEL J. ASTRUE, Comissioner of Social
Security,

            Defendant.

-------------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
DOUGLAS C. J. BRIGANDI, ESQ.
214-11 Northern Boulevard
Suite 201
Bayside, New York 11361

For the Defendant:
ROSLYNN R. MAUSKOPF, ESQ.
Unied States Attorney
Eastern District of New York
By: JOHN M. KELLY, ESQ.
Special Assistant United States Attorney
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

       Plaintiff William F. O'Malley ("O'Malley"), a former security guard, seeks

review of the final decision of the Commissioner of Social Security ("Commissioner")

denying his application for disability insurance benefits ("DIB"). The Commissioner moves

for an order affirming his decision; O'Malley moves for an order remanding solely for

calculation of benefits. For the following reasons, the Commissioner's motion is denied

and O'Malley's motion is granted in part and denied in part.

       On March 15, 2005, an administrative law judge ("ALJ") found that: (1)

O'Malley has not engaged in substantial gainful activity since December 5, 1989, the

alleged date of disability; (2) O'Malley has a discogenic and degenerative back impairment

which can cause significant vocational limitations; (3) prior to December 31, 2004, the date insured status expired, O'Malley did not have an impairment meeting any of the listed impairments which would render him *per se* disabled; and (4) prior to December 31, 2004, O'Malley retained sufficient residual functional capacity ("RFC") to return to his prior work. Based on these findings, the ALJ determined that O'Malley was not disabled within the meaning of the Social Security Act between December 5, 1989 and December 31, 2004. *See* A.R. at 309-316.[1] The decision became the Commissioner's final decision when the Appeals Council declined to assume jurisdiction on July 27, 2006. O'Malley makes two arguments on appeal: (1) that the ALJ erred in conducting the RFC analysis under step four; and (2) that O'Malley should be found disabled at step five of the analysis under the grid rules set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). "The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). The claimant's treating physician's opinion is given controlling weight if it is well supported by medical evidence and not inconsistent with other substantial evidence. *See* 20 C.F.R. § 416.927(d).

---

[1] "A.R." refers to the administrative record.

In determining that O'Mally retained sufficient RFC to return to his prior work, the ALJ declined to grant O'Malley's treating physicians' records controlling weight because they, among other things, contained inconsistences. *See* A.R. at 315.[2] However, "an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). Having identified inconsistences in the treating physicians' records, the ALJ should have taken steps to supplement his findings. *See id.* at 80 ("It is entirely possible that [the doctor], if asked, could have provided a sufficient explanation.") (quotations omitted). Furthermore, the ALJ made no mention of an RFC assessment competed by Dr. Leon Bernstein in November of 2000—the only RFC assessment in the record; the Court gleans from the record that the assessment was not mentioned because it does not specify whether it pertains to the period before or after O'Malley's insured status expired. *See* A.R. at 380 (testimony that the assessment "doesn't say as of when [O'Malley] was less than sedentary"). Again, the ALJ should have taken steps to develop the record, and determine whether Dr. Bernstein's assessment pertained to the period before or after December 31, 1994.

The ALJ also found that prior to December 31, 1994, O'Malley "retained the

---

[2]Although it is unclear whether the ALJ considered O'Malley's treatment plan in deciding not to follow the treating physician rule, the ALJ indicated that he believed O'Malley had been treated conservatively. *See* A.R. at 315. The Court notes that if the ALJ had relied on O'Malley's treatment plan, he would have been in error. *See Shaw v. Chater*, 221 F.3d 126, 135 (2d Cir. 2000) (holding that conservative treatment plan is not the type of evidence which would permit the Commissioner to overcome treating physician's otherwise valid opinion).

residual functional capacity to lift and carry up to twenty pounds occasionally and up to ten pounds on a regular basis, and to stand, walk, and sit for up to six hours each, with regular breaks, in an eight hour work day;" therefore, "[p]rior to the last day insured, Mr. O'Malley's capacity for light work was not significantly diminished by his medically determinable impairment." A.R. at 316. The ALJ did not provide any basis to support this determination. The impartial medical expert, whose testimony the ALJ gave "great weight," did not testify to O'Malley's capacity to perform work; to the contrary, the expert testified that the record is devoid of evidence contradicting O'Malley's physicians' findings. *See* A.R. at 387 ("ATTY: There is no medical objective evidence in the file from any other government source that contradicts these Findings. M[edical] E[xpert]: No, there is not."). On this record, the ALJ did not have substantial evidence justifying his decision that O'Malley had capacity for light work. *See Rosa*, 168 F.3d at 82 ("the ALJ improperly permitted the government to meet its burden of proof on the basis of an absence of evidence supporting [the claimant]'s contrary position").

## II.

The Court does not address O'Malley's argument that application of the grid rules would result in a finding that he was disabled at the age of fifty, assuming his RFC was for sedentary work, because there is no basis for the Court to conclude that O'Malley had the capacity for the full range of sedentary work.

## CONCLUSION

The Court is sympathetic to the fact that O'Malley's claims for benefits has been pending for nearly eleven years. The Second Circuit, however, has made it quite

plain that "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996). Since O'Malley has not progressed to step five, the Court has no choice but to remand the matter for further development of the record with the expectation that proceedings on remand will be conducted and resolved expeditiously. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2004) (holding, *inter alia*, that imposing time limits is inappropriate unless the claimant has progressed to step five because the burden shifts to the Commissioner at that point).

Accordingly, the Commissioner's motion for affirmance is denied, and O'Malley's motion for remand is granted in part and denied in part.

**SO ORDERED.**

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 19, 2007